UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**HOLLY MANOR ASSOCIATES, LLC,**

**Index No.:**
3:22-cv-01352 (BKS/ML)

Plaintiff,

-vs-

**VERIFIED COMPLAINT**

**MARIBETH VALADA f/k/a MARIBETH LEWIS,**

Defendant.

Plaintiff, Holly Manor Associates, LLC ("Holly Manor"), by and through its attorneys, Costello, Cooney & Fearon, PLLC, as and for its Complaint against Defendant, Maribeth Valada f/k/a Maribeth Lewis (hereinafter "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action to recover against Defendant, Holly Manor's former employee, for unjust enrichment and conversion based upon her retention of a company vehicle, holdover tenancy in Holly Manor-owned or managed property, removal of Holly Manor-owned chattels from the unit upon her move out and other unjust enrichment..

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1332 because Holly Manor and Defendant are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of costs, statutory interest or attorneys' fees.

3. The venue for this action properly lies in the United States District Court the Northern District of New York pursuant to 28 U.S.C. § 1391(b). The claims set forth herein arose and the Defendant resides in this judicial district.

## THE PARTIES

4. Plaintiff, Holly Manor Associates, LLC, is a duly organized foreign limited liability company registered to do business in the State of New York, with a principal place of business on record with the New York State Department of State, Division of Corporations, at 1945 Morris Avenue, Suite 10, Union, New Jersey.

5. Upon information and belief, Defendant Maribeth Valada is an individual and resident of Broome County, New York with an address at 341 Western Heights Boulevard, Endicott, New York.

## AS AND FOR A FIRST CAUSE OF ACTION FOR UNJUST ENRICHMENT

6. Holly Manor repeats and realleges the allegations contained in paragraphs 1 through 5 of this Verified Complaint as if fully rewritten herein.

7. Defendant was previously employed by Holly Manor as a property manager/leasing agent of Holly Manor Apartments in Vestal, New York, effective in 2011.

8. By Employment Agreement dated March 1, 2012, Holly Manor committed to providing Defendant with a two (2) bedroom apartment as part of her compensation, including payment of all utilities, cable and internet, and a computer to establish a home office.

9. Holly Manor further committed to paying all expenses of Defendant's cell phone, personal motor vehicle (*i.e.*, gas, oil changes, repairs) since her vehicle was used on a daily basis for work-related rental of Holly Manor's properties and on-site supervision.

10. The above-referenced provisions were to continue for just sixty (60) days should Defendant terminate her employment with Holly Manor and elect to seek other full-time employment with another employer.

11. At or about June 2012, Defendant also voluntarily entered into a consensual romantic relationship with Armand Cucciniello, the Director of Property Management of Holly Manor's management company.

12. Defendant's relationship with Mr. Cucciniello continued for a period of ten (10) years, in a manner commensurate with any adult relationship. Mr. Cucciniello and Defendant spent vacations and holidays together, celebrated birthdays and attended family weddings and other festivities as a couple.

13. By Addendum dated January 1, 2016, Holly Manor agreed to allow Defendant to continue living in a single-family residence at 3149 Burris Road, Vestal, New York, adjacent to the Holly Manor Apartments, in place of the two (2) bedroom apartment set forth in the 2012 agreement.

14. The Addendum further recognized that auto expenses would continue to be included as part of Defendant's compensation, and contemplated the future leasing of a vehicle for Defendant's daily operational duties.

15. All other terms of the original Agreement remained in place.

16. Consistent with the January 2016 Addendum, Holly Manor leased a 2018 Volvo XC60 T5 for Defendant's use in her employment in or about 2018.

17. Although Defendant made the payments directly on the lease initially and received reimbursement through her payroll, Holly Manor assumed direct payment of the lease installments to Volvo Car Financial Services monthly in the amount of $617.12, from February 2019 through September 2021.

18. As the end of the three (3) year lease term approached, as vehicle shortages continued following the COVID-19 pandemic, Holly Manor decided to purchase the 2018 Volvo XC60 T5 for Defendant's continued use, rather than lease a new vehicle for her.

19. As such, on or about October 31, 2021, Holly Manor issued a check to Defendant for $26,696.19 to use as payment for the vehicle.

20. On or about November 18, 2021, Holly Manor issued a second check to Defendant in the amount of $4,132.54 to purchase an extended warranty on the vehicle.

21. Upon information and belief, Defendant used these funds to purchase the vehicle as contemplated.

22. Thereafter, Defendant continued her employment with Holly Manor for less than four (4) months. By letter from counsel dated March 10, 2022, Defendant abruptly resigned her employment, providing just one day's notice.

23. Subsequently, Holly Manor credited Defendant the amount of the previous lease payments, $617.12, for each month she continued her employment.

24. However, Holly Manor did not intend to purchase this vehicle for Defendant without her continued employment. As recognized by the Employment Agreement and Addendum, the use of the vehicle was integral to her employment with Holly Manor, and was to be used in conjunction with such continued employment.

25. Defendant has refused to return the vehicle or reimburse Holly Manor for the unearned portion of the Volvo XC60 T5, including the extended warranty from which she continues to benefit.

26. Accordingly, Defendant has been unjustly enriched, at Holly Manor's expense, in an amount exceeding the jurisdictional limits of all other courts.

27. Plaintiff demands judgment against Defendant in an amount exceeding $28,000, including prejudgment interest, costs and reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION FOR CONVERSION

28. Holly Manor repeats and realleges the allegations contained in paragraphs 1 through 27 of this Verified Complaint as if fully rewritten herein.

29. When Defendant terminated her employment with Holly Manor, abruptly and without adequate notice, she failed or refused to return the 2018 Volvo XC60 T5, to which she no longer had legal claim, as use and retention of such vehicle was only in conjunction with her continuing employment with Holly Manor.

30. Defendant wrongfully took and converted the 2018 Volvo XC60 T5, bearing Vehicle Identification Number LYB102RKXJB117786, to the exclusion of Holly Manor as the purchaser of said vehicle.

31. Holly Manor therefore alternatively seeks damages in an amount exceeding $28,000 based upon Defendant's wrongful conversion of the aforementioned vehicle, together with costs and reasonable attorneys' fees of this action.

## AS AND FOR A THIRD CAUSE OF ACTION FOR UNJUST ENRICHEMT

32. Holly Manor repeats and realleges the allegations contained in paragraphs 1 through 31 of this Verified Complaint as if fully rewritten herein.

33. On or about March 1, 2012, Holly Manor and Defendant entered into a binding employment agreement, which included a requirement that Defendant reside in company-owned and operated housing.

5

34. The agreement further provided that if Defendant chose to seek employment elsewhere, she would be entitled to continued housing benefits, including utilities and other fringe benefits, for a period of sixty (60) days.

35. The contract did not contemplate that Defendant would be entitled to any further housing following this six (60) day period.

36. Defendant terminated her employment with Holly Manor effective March 11, 2022.

37. Per the employment agreement, she was therefore entitled to company-owned, operated or managed housing only through May 10, 2022.

38. Defendant did not vacate the premises (hereinafter "leased premises") by May 10, 2022, and thus became a tenant at will, or at sufferance, by operation of law, including a fair market rental value for the unit of $1,750.00, which Defendant knew was commensurate with rental of similar Holly Manor-owned, operated or managed housing.

39. Rather, by letter dated May 17, 2022, Defendant's attorney advised she had vacated the premises.

40. Such letter was the first notice provided by Defendant of an intent to holdover, or to terminate the tenancy, and thereby served as the requisite thirty (30) day notice of termination of the tenancy, as required by common law.

41. Thus, Defendant's tenancy terminated on June 16, 2022. Defendant was unjustly enriched by her possession or right to possess the aforesaid leased premises for a period of thirty-six (36) days.

42. The pro-rated rent for this period totaled $2,032.26.

43. Defendant has been unjustly enriched in an amount not less than $2,032.26.

44. Defendant never remitted any rent payments for the holdover period, and has therefore been unjustly enriched.

45. Holly Manor therefore demands judgment against Defendant in the amount of $2,032.26, together with statutory interest, costs and reasonable attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR NEGLIGENCE

46. Holly Manor repeats and realleges the allegations contained in paragraphs 1 through 45 of this Verified Complaint as if fully rewritten herein.

47. When Defendant vacated the leased premises and surrendered possession on May 17, 2022, she abandoned a variety of personal property and left extensive property damage.

48. Defendant intentionally or negligently caused such property damage to the leased premises, in breach of her duty to Holly Manor as the owner or rental agent of the premises.

49. The costs to clean out Defendant's house and make necessary repairs, beyond the ordinary wear and tear, amounted to charges of $1,015.00 to Holly Manor.

50. Such charges were incurred solely as a result of Defendant's intentional or negligent conduct.

51. Holly Manor further demands judgment against Defendant in the amount of $1,015.00 for her intentional or negligent damage to the lease premises, together with statutory interest, costs and reasonable attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR CONVERSION

52. Holly Manor repeats and realleges the allegations contained in paragraphs 1 through 51 of this Verified Complaint as if fully rewritten herein.

53. In addition to Defendant's holdover tenancy without remitting rent and damage to Holly Manor's property, she also illegally removed certain property belonging to Holly Manor without its consent or permission.

54. Specifically, Defendant removed from the leased premises a water cooler, used to dispense purified bottled water, and a snow shovel, which were the property of Holly Manor and purchased or acquired for use in Holly Manor's owned or managed property.

55. Upon information and belief, Defendant may have removed other items belonging to Holly Manor, as well.

56. The stolen items were not the property of Defendant when she absconded with them from Holly Manor's property.

57. Defendant continues to exercise dominion and control over these chattels belonging to Holly Manor, and has therefore converted them.

58. Holly Manor demands judgment against Defendant in an amount to be determined at trial, representing the value of these items of personalty unlawfully removed from the leased premises without Holly Manor's consent or permission, with interest, costs and reasonable attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION

59. Holly Manor repeats and realleges the allegations contained in paragraphs 1 through 58 of this Verified Complaint as if fully rewritten herein.

60. Beginning in 2019, and continuing through 2021, Holly Manor employees made certain improvements or renovations on personal real property owned by Defendant located at 262 Arrowhead Lake Road, Brackney, Pennsylvania.

61. Defendant used Holly Manor employees to complete this work to avoid hiring her own private contractors.

62. Holly Manor employees expended significant time and effort to improve Defendant's property.

63. Defendant failed or refused to remit any payment to Holly Manor for use of its employees to improve her privately owned property.

64. These improvements included: construction of retaining walls at front and rear of property; re-finishing parking area; replacement of water heater and well pump systems; removal of old metal shed and construction of new shed with interior and exterior electrical power and plumbing; construction of new waterfront deck; installation of electrical stove; purchase of various chattels for use at the property; painting entire exterior of house; and pumping out 500-gallon septic tank.

65. The fair market value of these various services and goods exceeds $75,000, which Defendant received at no cost.

66. As such, Defendant has been unjustly enriched in an amount not less than $75,000.00.

67. Holly Manor therefore demands judgment against Defendant in an amount to be determined at trial, and in any event not less than $75,000.00, together with statutory interest, costs and reasonable attorneys' fees.

**WHEREFORE,** Plaintiff, Holly Manor Associates, LLC, demands judgment against Defendant as follows: (1) awarding a money judgment against Defendant for the outstanding value of the 2018 Volvo not credited to her during the period of her employment, plus prejudgment interest, costs and attorneys' fees; and (2) awarding a further money judgement against Defendant

in an amount not less than $78,300.00 for Defendant's unjust enrichment, conversion of Holly Manor property, negligent or intentional property damage and breach of the employment agreement; and (3) granting such other and further relief as this Court deems just and proper.

DATED: December 14, 2022

                                         COSTELLO, COONEY & FEARON, PLLC

                                         */s/ Daniel R. Rose*
                                         DANIEL R. ROSE
                                         Federal Bar Roll No. 518366
                                         Attorneys for Plaintiff,
                                           *Holly Manor Associates, LLC*
                                         Office and Post Office Address
                                         211 West Jefferson Street, Suite 1
                                         Syracuse, New York 13202
                                         Telephone: (315) 422-1152

TO:    MARIBETH VALADA
         341 Western Heights Boulevard
         Endicott, New York 13760

STATE OF NEW YORK          )
COUNTY OF ONONDAGA         )ss.:

The undersigned, an attorney admitted to practice in the courts of New York State, shows: that deponent is a member of the firm of Costello, Cooney & Fearon, PLLC, the attorneys of record for Plaintiff in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. Deponent further says that the reason this verification is made by deponent and not by the Plaintiff is because the Plaintiff is a corporation and can make verification thereof only by its duly authorized officers who are not residents of the County of Onondaga where deponent resides and has his office for the transaction of business.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

A statement of the account on which this action is founded, and contents of file.

_____
**DANIEL R. ROSE**

Subscribed and sworn to before me
this 14th day of December, 2022.

_____
**Notary Public**

Christine C. Clemons
Notary Public in the State of New York
Qualified in Onondaga County No. 4959711
My Commission Expires Dec. 11, 2025

11