UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOLLY MANOR ASSOCIATES, LLC,

                                 **Plaintiff,**

  vs.                                                     3:22-CV-1352
                                                                (MAD/ML)

MARIBETH VALDA,

                                 **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **COSTELLO, COONEY & FEARON, PLLC**<br>211 W. Jefferson Street – Suite 1<br>Syracuse, New York 13202<br>Attorney for Plaintiff | **DANIEL R. ROSE, ESQ.** |
| **OFFICE OF RONALD R. BENJAMIN**<br>P.O. Box 607<br>126 Riverside Drive<br>Binghamton, New York<br>Attorney for Defendant | **RONALD R. BENJAMIN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Presently before the Court is Defendant Maribeth Valada's motion for sanctions. *See* Dkt. No. 17. Plaintiff responds in opposition and seeks dismissal of the complaint without prejudice. *See* Dkt. No. 19-9.

     Plaintiff, Holly Manor Associates, LLC, alleges claims for unjust enrichment, conversion, and negligence against Defendant Maribeth Valada. *See* Dkt. No. 1. Plaintiff is a limited liability company registered to do business in New York, with a principal place of business in New Jersey, and Defendant is domiciled in New York. *See id.* at ¶¶ 4-5. Plaintiff's complaint concerns

1

conduct that occurred during and after Defendant's employment for Plaintiff as a property manager or listing agent. *See id.* at ¶¶ 7-67.

During a March 22, 2023, Rule 16 conference with Magistrate Judge Miroslav Lovric, Plaintiff advised that the parties lack diversity of citizenship. *See* Minute Entry 03/22/2023. On March 29, 2023, both parties filed letters with the Court. *See* Dkt. Nos. 14, 15. Plaintiff's letter sought the Court's guidance on how to proceed with the case because Defendant would not sign a stipulation of discontinuance without prejudice. *See* Dkt. No. 14. Defendant's letter sought permission to file a motion for sanctions. *See* Dkt. No. 15. The Court granted Defendant's request and on April 26, 2023, Defendant filed a motion for sanctions. Dkt. Nos. 16, 17. The filing is a one-page notice of motion, and a three-page attorney affirmation. *See id.* Defendant does not specify what sanctions she seeks to have imposed. *See id.* Defendant asserts that this cause of action has been brought against her in retaliation for her filing a sex discrimination complaint against one of Plaintiff's property managers. *See id.* at ¶¶ 4-5; *see also Valada v. Cucciniello, et al.*, No. 3:22-CV-703 (MAD/ML). Plaintiff responded in opposition to the sanction motion requesting that the Court deny the motion and dismiss the case without prejudice for lack of subject matter jurisdiction. *See* Dkt. No. 19-9. The Court held a telephone conference on October 27, 2023, to address the Court's jurisdiction and the sanctions motion.

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Plaintiff requests that the Court dismiss its complaint for lack of subject matter jurisdiction. *See* Dkt. No. 19-9 at 2. Defendant agrees that the Court lacks subject matter jurisdiction. *See* Dkt. No. 17-1 at ¶ 2. As Plaintiff's complaint does not raise a question of federal law and both parties are domiciled in New York, the Court concludes that it lacks subject matter

2

jurisdiction in this case. *See* 28 U.S.C. §§ 1331, 1332; *see also Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337, n.3 (2d Cir. 2006) ("[F]ederal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied"). Thus, the case is dismissed.

The parties disagree as to whether dismissal should be with or without prejudice. *See* Dkt. No. 19-9 at 7; *see also* Dkt. No. 19-6 at 1. "[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]" *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017). This is because "a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits[.]" *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000). Because the Court lacks subject matter jurisdiction over Plaintiff's complaint, this case is dismissed without prejudice. *See* FED. R. CIV. P. 41(a)(2) (noting that an involuntary dismissal by court order "is without prejudice").

As to Defendant's motion for sanctions, Local Rule 7.1(b)(1) requires a memorandum of law to be filed with all motions. *See* N.D.N.Y. L.R. 7.1(b)(1). Defendant's motion is a three-page attorney affirmation and is therefore denied for failure to comply with the Local Rules.[1] *See* Dkt. No. 17. Even if the Court were to consider the motion, it would deny the request on the merits.

Under Federal Rule of Civil Procedure 11, a court may impose sanctions "for presenting frivolous claims in a pleading." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012) (citing FED. R. CIV. P. 11(b)(2), (c)). "To impose sanctions under the Court's inherent powers, 'there must be clear evidence that (1) the offending

---

[1] In Defendant's motion, counsel states that if the case is not dismissed within twenty-one days of the filing of the affirmation, "the instant motion will be filed with the court." Dkt. No. 17-1 at ¶ 7. No such motion was attached to the affirmation or ever filed with the court. The Court granted Defendant leave to file a motion for sanctions on March 31, 2023. *See* Dkt. No. 16. It is unclear to the Court why Defendant never filed anything more than a notice of motion and an affirmation.

party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay.'" *Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 5:17-CV-0359, 2020 WL 6707404, *3 (N.D.N.Y. Nov. 16, 2020) (quoting *Cole v. Stephen Einstein & Assoc., P.C.*, 365 F. Supp. 3d 319, 337 (W.D.N.Y. 2019)). First, Defendant has not presented clear evidence that Plaintiff's complaint is entirely without color. In its initial complaint, Plaintiff sought not less than $78,300 in damages and alleged that it had its principal place of business in New Jersey. *See* Dkt. No. 1 at ¶ 4, 67. Plaintiffs explain in their response to Defendant's motion that when they learned that one member of the company was domiciled in New York, they notified Defendant and the Court of the lack of diversity. *See* Dkt. No. 19-9 at 3. As such, it does not appear that the complaint was initially brought in bad faith. Second, Defendant has not presented any evidence, other than counsel's affirmation, that Plaintiff brought the complaint to harass Defendant. *See* Dkt. No. 17-1 at ¶¶ 5-6. Thus, Defendant has failed to establish that sanctions are appropriate, and the request is denied.

Accordingly, the Court hereby

**ORDERS** that Defendant's motion for sanctions (Dkt. No. 17) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 27, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge